**AFFIRM; and Opinion Filed August 5, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01065-CV**

_____

**TRACY NIXON, Appellant**

**V.**

**THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AND KIMBERLYN RHYNES, Appellees**

**On Appeal from the 301st Judicial District Court
Dallas County, Texas
Trial Court Cause No. 00-14691-T**

**MEMORANDUM OPINION**

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

Tracy Nixon, pro se appellant, appeals the trial court's order holding him in contempt and

suspending his driver's and barber's licenses for past-due child support obligations. For the

following reasons, we affirm the trial court's order.

The Attorney General filed a motion on behalf of Kimberlyn Rhynes to enforce a 2005

child support obligation against the father of Rhynes's children, Tracy Nixon. While the

proceeding was pending in the trial court, Nixon filed for voluntary bankruptcy protection. He

notified the trial court that he had filed for bankruptcy, but the court did not stay the proceedings

and, instead, rendered judgment against Nixon in the amount of $53,612.07 for unpaid child

support, held Nixon in contempt and ordered him jailed for 180 days, and suspended Nixon's

driver's and barber's licenses until further order of the court. Nixon filed a pro se motion for new

trial arguing that the trial court's order violated the automatic stay in bankruptcy. The motion was overruled by operation of law, and Nixon appealed.

The issues in Nixon's pro se brief are not separately stated and are difficult, at best, to discern. Nixon appears to contend that the trial court lacked jurisdiction to render judgment because the proceedings were automatically stayed after he filed bankruptcy, the trial court violated his constitutional rights by ordering him jailed and suspending his licenses while he was under bankruptcy protection, the January 2000 order establishing the parent-child relationship was void because he was not present at the hearing and did not sign the order, the original petition was void because it showed that he was not duly notified to appear in court, the January 2000 order was unenforceable because it was barred by the statute of frauds, and the "defendant" concealed discovery and material facts with regard to the January 2000 order. The crux of most of Nixon's arguments appears to be that the trial court should have stayed the proceedings pending the outcome of his bankruptcy. He seeks to overturn the "void judgment," have his licenses reinstated, and seeks an award of $10 million against the Attorney General.

We review a trial court's child support order for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to guiding rules or principles. *Id.*

Nixon argues that the trial court violated his federal and state constitutional rights when it held him in contempt and ordered him to serve 180 days in jail while his bankruptcy case was pending. We previously concluded that we did not have jurisdiction of the trial court's contempt order on direct appeal and dismissed that portion of Nixon's appeal. Nixon subsequently filed a petition for writ of habeas corpus challenging the contempt order and we denied relief. *In re*

*Tracy Nixon*, No. 05-12-01387-CV (Tex. App.—Dallas Jan. 3, 2013, orig. proceeding) (mem. op.).[1]

Nixon also raises issues concerning a January 2000 order, documents filed several years ago, and discovery-related matters. Nixon does not cite the record where he complained about these matters below, and our review of the record indicates that he did not raise the issues in the trial court. Consequently, none of these issues are properly before us. *See* TEX. R. APP. P. 33.1 (regarding preservation of error).

Nixon also argues that the trial court abused its discretion by suspending his driver's and barber's licenses while his bankruptcy case was pending because the trial court proceeding was subject to an automatic stay. The Attorney General argues that the automatic stay in bankruptcy does not apply to actions to suspend the licenses of people who owe past-due child support. We agree with the Attorney General.

The filing of a voluntary bankruptcy proceeding "does not operate as a stay of the withholding, suspension, or restriction of a driver's license, a professional or occupational license, or a recreational license" in connection with child support enforcement proceedings. *See* 11 U.S.C.A. § 362(b)(2)(D) (West Supp. 2013); 42 U.S.C.A. § 666(a)(16) (West 2011); *see also In re Penaran*, 424 B.R. 868, 881 (Bankr. D. Kan. 2010) (stating that bankruptcy code allows license suspension in cases involving unpaid child support obligation). Because the automatic stay did not apply to this child support enforcement proceeding, we conclude that the trial court did not abuse its discretion by ordering Nixon's licenses suspended. We resolve appellant's issues against him.

---

[1]*Available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=6b02977b-f6f5-4999-961c-50963af2b02d&coa=coa05&DT=Opinion&MediaID=e3e523d6-f352-4842-a6e6-b80f596165e0.

We affirm the trial court's order.

      /Elizabeth Lang-Miers/
      ELIZABETH LANG-MIERS
      JUSTICE

121065F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRACY NIXON, Appellant

No. 05-12-01065-CV      V.

THE OFFICE OF THE ATTORNEY
GENERAL OF TEXAS AND
KIMBERLYN RHYNES, Appellees

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 00-14691-T.
Opinion delivered by Justice Lang-Miers,
Justices Moseley and Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 5th day of August, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE